[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was returned to court on January 23, 1996. The plaintiff claims a dissolution of her marriage to defendant, an CT Page 7355 equitable distribution of real and personal property, a name change and counsel fees. The parties intermarried in Meriden, Connecticut, on November 15, 1985, and separated on or about August of 1995.
This was the second marriage for each of them. No children were born of this union. The plaintiff and the defendant each have adult children from their former marriages. The plaintiff is in reasonably good health, age 52, with a long work experience, as a cook, caterer and barmaid. She is presently employed in a Mystic, Connecticut, restaurant as a barmaid. The defendant is likewise in reasonably good health, age 54, with a long work record in public education; he has worked thirty-two years in the Meriden school system in the physical education field.
The marriage was reasonably healthy until July of 1995, when the defendant told the plaintiff that the marriage was over, that he was interested in another woman and wanted a divorce. Until then the marriage had worked well economically and provided each party with a measure of marital satisfaction. The defendant was steadily employed as a teacher and engaged in regular part-time employment as a wrestling official and also as a bartender. The plaintiff worked continuously during the marriage developing an earning capacity of approximately $20,000 annually, as a barmaid. She supplemented this income to some extent by part-time catering. The parties shared information on their finances, working out a satisfactory arrangement for the payment of household expenses, clothing, jewelry, vacations, etc. During the first six years of the marriage, the defendant had support obligations to some or all of the three children of his prior marriage.
During the ten-year marriage, the parties acquired interests in real property including a condominium in Meriden, a condominium in Proctorsville, Vermont, a separate single-family house in Ludlow, Vermont and a timeshare in Aruba. The defendant is a member of the Connecticut Teachers Retirement System with thirty-two years of credited service and is eligible for normal retirement at age 60 on July 1, 2002. He contemplates early retirement in approximately two years.
The plaintiff does not have any pension rights other than by virtue of her marriage and has no I.R.A., life insurance, savings or investments. Her present employment provides no health, hospital or dental benefits. The plaintiff has enjoyed spousal CT Page 7356 benefits of this type by virtue of defendant's employment.
The marriage has broken down irretrievably without hope of reconciliation. Defendant refused counseling despite his wife's request. The court concludes that the cause of the breakdown of the marriage is attributable to the infatuation of the defendant with another woman whom the defendant met in Vermont in May of 1995 and with whom he is presently residing.
Accordingly, the court will and does hereby dissolve the marriage on the basis of irretrievable breakdown. The plaintiff may resume the name of Winkel which she adopted in her former marriage.
Other financial orders assigning property and periodic alimony to plaintiff are detailed hereinafter.
After the separation in September of 1995, the plaintiff remained in the family home until approximately May 1, 1996. Since May 1, 1996, she has resided in Mystic, Connecticut, with a gentleman who is a co-signatory on the lease of her apartment. Her relationship with this gentleman commenced on or about October of 1995 at about the time he left his wife. No credible evidence was introduced during the trial which would enable the court to find that this relationship contributed to the breakdown of the marriage.
After reviewing the financial affidavits of the parties and the testimony offered at trial, the court concludes that the net worth of the real estate acquired by the parties during their marriage is approximately $172,000. General Statutes § 46b-81
(c). Giving due consideration and appropriate weight to the elements required by said subsection (c), the court assigns the real property of the parties as follows:
(1) The plaintiff shall convey to the defendant all her right, title and interest in and to the following properties:
 (a) 30 Village View Terrace South Meriden, Connecticut
 (b) North County Condominium Proctorsville, Vermont
(c) Time Share — Aruba CT Page 7357
The defendant will assume all mortgages and other obligations encumbering these properties and execute an agreement indemnifying and holding plaintiff harmless on these obligations.
2. The defendant will convey to the plaintiff all his right, title and interest in and to 18 Terrace Avenue, Ludlow, Vermont. The plaintiff will assume all mortgages and other obligations encumbering this property and execute an agreement indemnifying and holding defendant harmless on these obligations.
During the ten years of their marriage, the coverture portion of the pension benefits earned by defendant will entitle him to a monthly pension at age 60 of $1,199.42. (Plaintiff's Exhibit 1). The court grants and assigns to the plaintiff a 50 percent interest in this coverture portion of defendant's monthly pension rights. This will entitle defendant to a monthly pension of $599.71 commencing on the first day of the month following defendant's sixtieth birthday. In the event the defendant elects to retire before he is sixty, the plaintiff is to receive 50 percent of the present coverture portion of defendant's monthly pension earned during the years 1985 to November 27, 1996, payable to defendant on the first day of the month following his retirement.
The defendant's counsel will prepare a QDRO for execution by the court to implement this order.
In accordance with General Statutes § 46b-82, the court enters the following order of permanent periodic alimony:
Commencing December 6, 1996, the defendant shall pay to the plaintiff the sum of $185 weekly for a period of thirty-six months. Plaintiff shall receive a credit against this sum for all COBRA payments made directly to the insurer by him which is providing medical, health, dental and hospital benefits to the plaintiff under the policy providing such benefits to defendant from the Board of Education of the City of Meriden. The period of thirty-six months is nonmodifiable except for either the death of or remarriage of the plaintiff in which event the periodic alimony shall terminate.
At the conclusion of the thirty-six month period, the defendant shall pay periodic weekly alimony to the plaintiff for a further twenty-four month period in the amount of one hundred CT Page 7358 and twenty-five dollars weekly. This alimony is nonmodifiable as to amount and duration except that it will terminate on the death or remarriage of the plaintiff. The plaintiff shall retain all the right, title and interest, legal and equitable, in her 1994 Nissan Pathfinder automobile. The defendant shall retain all the right, title and interest, legal and equitable, in his 1990 Suburu Legacy automobile. Each party shall retain all right, title and interest, legal and equitable, in the furniture, fixtures and equipment located in the real estate assigned to them. The defendant is given all right, title and interest, legal and equitable, in the U.S. Savings Bonds in his possession, in all accounts in the Meriden Credit Union, in a Christmas Club account and in term life insurance policies listed in his name and shown on his financial affidavit.
The defendant will retain all rights to his pension benefits from the State Teachers Retirement Board — 081-077785-0, except those heretofore assigned by the court.
Each party shall be solely responsible for the debts listed on their respective financial affidavits.
Defendant will pay to the plaintiff within 60 days from November 27, 1996, the sum of $1500 as an allowance for plaintiff's attorney's fees. Plaintiff's counsel will prepare the judgment file.
Dorsey, J. Judge Trial Referee